IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE W. KOENIG | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-10-969 |
| STATE OF MARYLAND | * | |
| STATE HOUSE | | |
| OFFICE OF THE PUBLIC DEFENDER OF | * | |
| MARYLAND | | |
| STEPHEN HARRIS | * | |
| NANCY FORSTER | | |
| PAUL DEWOLFE | * | |
| SCOTT WHITNEY | | |
| NORMAN HANDWERGER | * | |
| In their individual and official capacities. | | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

On April 19, 2010, the court received for filing this 42 U.S.C. § 1983 complaint for declaratory and injunctive relief and monetary damages.[1] Bruce W. Koenig ("Koenig"), a state inmate housed at the North Branch Correctional Institution in Cumberland, Maryland, files suit against the state of Maryland, the Office of the Public Defender of Maryland ("OPD"), and current and former state public defenders. According to the statement of facts, Koenig claims that despite several communications sent to the OPD from 2002-2005, the Collateral Review Division of the OPD did not begin to correspond with him regarding examination of his underlying criminal case until the later portion of 2006 and left him with the understanding that they were reviewing the matter for collateral review purposes. Paper No. 1. He contends that in late 2006 or early 2007, more than four to five years after the state appellate court had denied his direct appeal, he received

---

[1] Mr. Koenig invokes this court's federal question, civil rights, and pendant jurisdiction under

correspondence from the OPD indicating that he had no cognizable post-conviction issues to raise on collateral review and he should consider preparing and filing his own post-conviction.

Koenig alleges that after contentious discussions with the OPD a collateral review petition was finally filed on his behalf in November of 2009, but with only one central ground. He seemingly complains that the OPD failed to conduct adequate pre-post-conviction hearing investigation, or to subpoena or interview witnesses for the hearing. He also appears to claim that the Maryland legislature has failed to provide the OPD adequate funding so that it may conduct meaningful investigations, subpoena witnesses, use panel attorneys to assist with case conflicts, and handle its "ever-increasing caseload and shortage of qualified attorneys."

Koenig further alleges that defendants have failed to comply with their mandate under Maryland law and have denied him: his constitutional rights, meaningful access to the courts, effective assistance of counsel, and the ability to timely present meritorious issues in post-conviction proceedings. He asserts that their inactions unnecessarily prolonged his confinement. Because he appears indigent, plaintiff's motion to proceed *in forma pauperis* shall be granted. The § 1983 Complaint shall, however, be dismissed *sua sponte* as legally frivolous.

The allegations raised by Koenig are troubling. If true, they call into question a Maryland prisoner's ability to preserve federal habeas corpus claims under 28 U.S.C. § 2254, given state court exhaustion requirements, statute of limitations restrictions, and procedural default issues. Nonetheless, the jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v.*

---

28 U.S.C. §§ 1331, 1343, and 1367.

*Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A defense attorney representing a client, whether privately retained or court-appointed, is free from state control and is not acting under color of state law. *See id.*; *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Koenig can prove that the OPD provided him with ineffective assistance of counsel,2 he can state no claim under § 1983 because he is not suing a state actor.³ *See Curry v. South Carolina*, 518 F.Supp.2d 661, 667 (D. S.C. 2007).

Further, neither the state, nor an arm of the state, is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Therefore the state of Maryland is protected from suit by sovereign immunity under the Eleventh Amendment.⁴

---

[2] There is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Therefore, it does not appear that a claim of constitutionally ineffective assistance of post-conviction counsel may be raised.

[3] The cause of action also fails to meet the threshold requirements for filing a complaint under this court's 28 U.S.C. § 1331 federal question jurisdiction. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal courts have power to review claims alleging infringements by federal officials of constitutionally protected interests).

[4] The fact that plaintiff sues defendants in their individual capacities does not save his case from dismissal.

Because Koenig's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).[5] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[6] A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).[7]

Date:     April 23, 2010                    /s/
                                          J. Frederick Motz
                                          United States District Judge

---

[5]     28 U.S.C. § 1915(e)(2) states that:

   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

   (A) the allegation of poverty is untrue; or
   (B) the action or appeal--
       (i) is frivolous or malicious;
       (ii) fails to state a claim on which relief may be granted; or
       (iii) seeks monetary relief against a defendant who is immune from such relief.

[6]     28 U.S.C. § 1915(g) states as follows:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

[7]     The court declines to take pendant jurisdiction over plaintiff's claims filed under Maryland's Annotated Code, Declaration of Rights, and common-law tort law (negligence).